1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**
8
**JOSE LUCENA VELEZ,**                    )
9                                          )
            **Petitioner,**                )
10                                         )
            **v.**                         )   **CIV 06-02093 PHX FJM (MEA)**
11                                         )
**DORA SCHRIRO and**                       )   **REPORT AND RECOMMENDATION**
12 **ARIZONA ATTORNEY GENERAL,**           )
                                           )
13          **Respondents.**               )
_____       )
14
**TO THE HONORABLE FREDERICK J. MARTONE:**
15
16          On August 31, 2006, Petitioner filed a *pro se* petition
    seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254,
17
    challenging his criminal conviction by an Arizona state court.
18
    Respondents filed an Answer to Petition for Writ of Habeas
19
    Corpus Limited to Affirmative Defenses ("Answer") (Docket No.
20
    17) on March 30, 2007.  Respondents argue the action for habeas
21
    relief was not timely filed and, therefore, that the petition
22
    must be denied and dismissed with prejudice.  On May 30, 2007,
23
    Petitioner filed a reply to the answer to the petition.  <u>See</u>
24
    Docket No. 20.
25
            **I Procedural History**
26
            In 1999, Petitioner was charged with possession of
27
    narcotic drugs for sale, i.e., heroin, a class 2 felony.  <u>See</u>
28

Answer, Exh. A.   Prior to his trial, Petitioner filed a motion to suppress the evidence against him, which motion was denied. See id., Exh. E.   On March 5, 2002, a jury found Petitioner guilty of the crime charged, and also found the weight of the drugs involved in the crime exceeded the statutory threshold amount of one gram.   Id., Exh. C; Petition, Attach.[1]   On April 2, 2002, Petitioner was sentenced to a term of 12 years incarceration pursuant to this conviction, which term was aggravated by a felony narcotics conviction in 1993.   Answer, Exh. D & Exh. F.

Petitioner timely filed a direct appeal of his conviction and sentence.   Id., Exh. E.   The Arizona Court of Appeals affirmed Petitioner's conviction and sentence on February 27, 2003.   Id., Exh. F.   Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on December 5, 2003.   Id., Exh. G & Exh. H.

Petitioner filed an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on February 25, 2004, alleging a claim of ineffective assistance

---

[1] Petitioner's first trial on this charge, in late 1999 or early 2000, resulted in a mistrial and Petitioner was released to the custody of the Immigration and Naturalization Service on March 21, 2000, because Petitioner was found to be in the United States illegally.   Answer, Exh. F.   Because he was in federal custody, Petitioner failed to appear for his scheduled state trial date of April 5, 2000, and a warrant was issued for his arrest.   Answer, Exh. E.   The Court notes Petitioner was arrested on March 21, 2000, by the federal authorities, on a charge of illegal re-entry into the United States after a previous deportation.   See United States v. Lucena Velez, No. 00 CR 00437.   On November 30, 2001, Petitioner was taken into state custody from federal custody pursuant to the state bench warrant issued April 5, 2000.   Id., Exh. E.

-2-

of counsel.  Id., Exh. I & Exh. K.  Petitioner was appointed counsel to represent him in his Rule 32 proceedings.  Id., Exh. K & Exh. N.  On September 1, 2004, the Arizona Superior Court denied post-conviction relief, concluding Petitioner had not raised a colorable claim he was denied his right to the effective assistance of counsel.  Id., Exh. L.[2] Petitioner was allowed until October 25, 2004, to seek review of this decision. Id., Exh. M.

On November 8, 2004, Petitioner's appointed counsel submitted a pleading regarding review to the Arizona Court of Appeals; however, Petitioner did not sign this pleading.  Id., Exh. N.  The Arizona Court of Appeals issued an opinion deciding the pleading for review was not timely filed.  Id., Exh. O. Petitioner was advised by the Court of Appeals he could return to the Superior Court to seek leave to file an untimely petition for review.  Id., Exh. O.  Petitioner did not do so and, on December 21, 2004, the Arizona Court of Appeals dismissed Petitioner's action for post-conviction relief.  Id., Exh. Q &

---

[2]  In denying Petitioner's allegation of ineffective assistance of trial counsel, the Arizona Court of Appeals stated:
> Nothing indicates that counsel's performance was deficient.  He counseled Defendant to accept a plea bargain, seemingly because he could see how solid the State's evidence was going to be at trial.  They had a valid stop and a valid search. ... And the Defendant had three prior felonies and was on release for another charge when this case occurred.  Counsel's advice was clearly well founded.

Answer, Exh. L.  The Court of Appeals also concluded Petitioner was not prejudiced by any alleged deficiency because "[i]n view of the overwhelming evidence, it is inconceivable" a "different trial strategy would have resulted in a different result."  Id., Exh. L.

Exh. R.

Petitioner filed an action seeking federal habeas relief on April 4, 2005. See Velez v. Schriro, 05 CV 1014 PHX JWS MEA. The petition was dismissed without prejudice with leave to amend within thirty days on May 9, 2005. See id. at Docket No. 3. Petitioner did not file an amended petition and this action was dismissed by the Court on June 22, 2005. See id. at Docket No. 4. Petitioner filed another action seeking federal habeas relief on May 26, 2005. See Velez v. Schriro, 05 CV 1597 PXH FJM MEA. The petition was dismissed without prejudice with leave to amend within thirty days on January 4, 2006. See id. at Docket No. 5. Petitioner did not file an amended petition, but filed several motions seeking extension of the time allowed to file an amended petition. Id. at Docket Nos. 7, 8, 9. In an order filed May 12, 2006, the Court noted Petitioner had returned to state court to attempt to exhaust his federal habeas claims and that there were on-going state court proceedings regarding Petitioner's sentence. Id. at Docket No. 10. Because the claims stated in the petition filed May 26, 2005, had not been exhausted in the state courts, the 2005 habeas action was dismissed without prejudice on May 12, 2006. Id.

Petitioner filed the pending federal habeas petition on August 31, 2006. Petitioner asserts he is entitled to federal habeas relief from his conviction because the trial court erred by denying his motion to suppress evidence, i.e., the 1.4 grams of heroin found on Petitioner's person when he was searched

-4-

after a traffic stop revealed he was driving outside the scope of permission to drive granted by the state.   Petitioner also contends he is entitled to habeas relief because the trial court erred by denying his motion to dismiss, in violation of his right to due process.

**II Analysis**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions.   See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).   However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim."   28 U.S.C. § 2244(d)(2)(1994 & Supp. 2006); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Petitioner's conviction became final on or about March 5, 2004, when the ninety-day time period for seeking certiorari expired regarding his direct appeal, which concluded in the state courts on December 5, 2003.   See, e.g., Brambles v. Duncan, 412 F.3d 1066, 1069 (9th Cir.), cert. denied, 126 S. Ct. 485 (2005); Answer, Exh. G & Exh. H.   Petitioner had one year from that date, i.e., until March 5, 2005, to seek federal habeas relief, absent any statutory tolling pursuant to a

-5-

pending state action for post-conviction relief.  See, e.g., Brambles, 412 F.3d at 1069.

Petitioner filed an action seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on February 25, 2004.  Accordingly, the statute of limitations regarding Petitioner's federal habeas action was tolled until the conclusion of Petitioner's proceedings regarding his Rule 32 petition.  See, e.g., Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006).  The action for post-conviction relief was concluded on December 21, 2004, when the Arizona Court of Appeals dismissed Petitioner's action for post-conviction relief for Petitioner's failure to properly prosecute this action.  See Answer, Exh. Q & Exh. R  The one-year statute of limitations then ran against Petitioner from January 21, 2005, when the time for appealing the Court of Appeals' dismissal of the Rule 32 action to the Arizona Supreme Court expired,[3] until August 21, 2006, when Petitioner filed this action for federal habeas relief, a period of approximately 19 months.

---

[3] See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding).  See also Lookingbill v. Cockrell, 293 F.3d 256, 266 (5th Cir. 2002) (collecting cases so holding).

1    Neither of Petitioner's 2005 actions seeking federal
2  habeas relief tolled the applicable statute of limitations
3  because they were not state actions for post-conviction relief.
4  See, e.g., Rhines v. Weber, 544 U.S. 269, 275, 125 S. Ct. 1528,
5  1533 (2005).  Additionally, the instant habeas petition does not
6  "relate back" to the habeas petitions filed in 2005, rendering
7  the instant petition timely filed because the first habeas
8  petition was filed within the applicable statute of limitations.
9  See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001); Green v.
10 White, 223 F.3d 1001, 1003 (9th Cir. 2000).  This conclusion is
11 not contradicted by the fact the first petition was dismissed
12 without prejudice for Petitioner's failure to exhaust the claims
13 stated in that petition.   See Dils, 260 F.3d at 986.

14    Because Petitioner did not file his federal habeas
15 action within the period specified by the AEDPA, his petition
16 for habeas relief may only be considered if the AEDPA's time
17 limitation may be "equitably" tolled in his case.  See Allen v.
18 Lewis, 255 F.3d 798, 800 (9th Cir. 2001).  The Ninth Circuit
19 Court of Appeals has determined that equitable tolling of the
20 filing deadline for a federal habeas petition is available only
21 if extraordinary circumstances beyond the petitioner's control
22 make it impossible to file a petition on time.   See Gaston v.
23 Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom v. Payne,
24 281 F.3d 951, 962 (9th Cir. 2002).  Equitable tolling is only
25 appropriate when external forces, rather than a petitioner's
26 lack of diligence, account for the failure to file a timely
27 claim.   See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.

28                              -7-

1999).   It is Petitioner's burden to establish that equitable tolling is warranted in his case.   Gaston, 417 F.3d at 1034.

In reply to Respondents' argument that his habeas petition was not timely filed, Petitioner asserts he is entitled to federal habeas relief because his arrest violated his Fourth Amendment rights, there was insufficient evidence to support his conviction, his right to a speedy trial was violated, and his counsel was ineffective, and because some of these claims were properly exhausted in the state courts.   See Docket No. 20. Petitioner further contends he is entitled to equitable tolling of the applicable statute of limitations because he has been diligently attempting to exhaust his federal habeas claims.   Id. Petitioner also contends extraordinary circumstances prevented his timely filing of the instant petition, i.e., that "when this case [began he] was a Spanish speaker only," that he is without legal knowledge, that he is indigent, and that the state prisons do not provide legal materials in the Spanish language.   Id.

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action.   See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir.

-8-

2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002). Additionally, a petitioner's pro se status, ignorance of the law, or lack of representation during the applicable filing period do not warrant equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").

        Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. Petitioner asserts he is entitled to equitable tolling based on a language barrier, i.e., he alleges legal materials in Spanish were not available to him during his incarceration. An interpreter was present at Petitioner's sentencing on April 4, 2002. Answer, Exh. D. The Court notes Petitioner filed a pro per motion to dismiss the state criminal charge against him on August 8, 2001, however, Petitioner avers he was only able to draft legal pleadings in English due to the help of fellow inmates. See id., Exh. E & Exh. G at 6 n.1.

The United States Circuit Courts of Appeal "have rejected a *per se* rule that a habeas petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing." <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1070 (9th Cir. 2006).

> Whether a habeas petitioner's inability to obtain Spanish-language materials or procure translation assistance can be grounds for equitable tolling of the AEDPA's one-year limitations period is a question of first impression in this Circuit. In <u>Whalem/Hunt</u>, [], we held that the unavailability of a copy of the AEDPA in a prison law library could, but did not necessarily, constitute grounds for equitable tolling. We remanded the case to the district court for appropriate development of the record. <u>Id.</u> So long as there are some circumstances "consistent with petitioner's petition and declaration" that would entitle the petitioner to equitable tolling, remand is appropriate. <u>Id.</u>; <u>see</u> <u>also</u> <u>Laws v. Lamarque</u>, 351 F.3d 919, 921 (9th Cir. 2003)....

<u>Id.</u>, 449 F.3d at 1069 (remanding the matter to the District Court for further factual findings regarding equitable tolling).

In <u>Mendoza</u>, the petitioner alleged a lack of access to Spanish-language legal materials prevented him from learning about and complying with the AEDPA's deadline for filing a federal habeas petition challenging his state conviction. However, the facts alleged in <u>Mendoza</u> are clearly distinguishable form those alleged by Petitioner.

> According to his declaration, when Mendoza was first incarcerated, he requested Spanish-language legal materials but was told to "wait until [he] got to [his] regular assigned prison." After arriving at Solano

-10-

State Prison, he made several trips to the library but found only English-language books and only English-speaking clerks and librarians. Not until Mendoza found a newly-arrived, bilingual inmate willing to offer assistance was he able to file his habeas petition; however, by this time, the AEDPA deadline had already passed. We conclude that this combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.
* * *
In Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), the court held that a petitioner's "inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling. The court emphasized that the "existence of a translator who can read and write English and who assists a petitioner during appellate proceedings" renders equitable tolling inapplicable for that petitioner. Id. Because Cobas had written a detailed letter to his counsel in English and had otherwise demonstrated his ability to either communicate in English or communicate with a translator, the record in Cobas' case "belie[d] any claim that language difficulties prevented Cobas from filing his petition in a timely manner...

Id., 449 F.3d at 1069-70 (concluding the Cobas "decision's rationale left open the possibility that a non-English speaker who could not find a willing translator could qualify for equitable tolling.").

Petitioner presents no evidence that his language skills were the "but for" cause of his inability to timely file a federal habeas action. Petitioner had the assistance of other inmates in preparing his legal pleadings in English. Notably, Petitioner does not assert he was not aware of the AEDPA's statute of limitations. Additionally, Petitioner was,

-11-

notwithstanding his language abilities, able to file two timely habeas petitions in 2005, and to understand the Court's orders as to why these petitions were dismissed, initially with leave to amend.

### III   Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA.  Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Lucena Velez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to

-12-

the objections.    Failure  to  timely  file  objections  to  any factual or legal determinations of the Magistrate Judge will be considered  a  waiver  of  a  party's  right  to  de  novo  appellate consideration  of  the  issues.    See  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).    Failure  to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law  in  an  order  or  judgment  entered  pursuant  to  the recommendation of the Magistrate Judge.

DATED this 1st day of June, 2007.

_____

Mark E. Aspey
United States Magistrate Judge

-13-